UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RODE ELIZABETH QUINONEZ MERCADO, as next friend of Juan Carlos Abarca-Jovel,<br><br>　　　　Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), and BOSTON FIELD OFFICE,<br><br>　　　　Respondents. | No. 1:25-cv-12066-JEK |

## MEMORANDUM AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

**KOBICK, J.**

*Pro se* petitioner Rode Elizabeth Quinonez Mercado, as next friend of her husband Juan Carlos Abarca-Jovel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Abarca-Jovel, a citizen of El Salvador, was released on an Order of Recognizance in April 2019 after crossing into the United States but is now in immigration detention following his arrest in July 2025. The government seeks dismissal of the pending habeas petition principally on the grounds that Abarca-Jovel is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and has otherwise failed to exhaust his administrative remedies. While Abarca-Jovel's detention is not governed by that statute but instead by the discretionary detention framework of 8 U.S.C. § 1226(a), this petition will nevertheless be dismissed for failure to exhaust his administrative remedies, because no evidence exists that he has requested a bond hearing in Immigration Court.

## BACKGROUND

Abarca-Jovel is a native and citizen of El Salvador. ECF 9-1, ¶ 7. On April 20, 2019, he entered the United States and encountered U.S. Customs and Border Protection ("CBP") officers near the southern border in Arizona. *Id.* ¶ 8. Abarca-Jovel was detained pursuant to 8 U.S.C. § 1225(b)[1] because he did not have legal documents to enter or remain in the United States, but he claimed a fear of returning to El Salvador. *Id.* ¶¶ 9-10. The next day, CBP issued Abarca-Jovel a Notice to Appear charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)[2] and released him on an Order of Recognizance.[3] *Id.* ¶ 11. U.S. Immigration and Customs Enforcement ("ICE") subsequently filed the Notice to Appear in the Immigration Court in Boston, Massachusetts, which commenced standard removal proceedings against him under 8 U.S.C. § 1229a. *See id.*; *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020) (removal proceedings involve "an evidentiary hearing before an immigration judge" at which the noncitizen "may attempt to show that he or she should not be removed").

---

[1] 8 U.S.C. §§ 1225 and 1226 are the primary statutes that govern the detention of noncitizens pending removal proceedings. *See Gomes v. Hyde*, No. 25-cv-11571-JEK, 2025 WL 1869299, at *1-2 (D. Mass. July 7, 2025) (discussing Section 1225(b)'s mandatory detention scheme and Section 1226(a)'s discretionary detention framework). Whereas Section 1225(b) "authorizes the Government to detain certain aliens *seeking admission into the country*," Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphases added).

[2] Section 1182(a)(6)(A)(i) reads in full: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).

[3] An Order of Recognizance is a form of conditional parole issued under Section 1226(a). *See* 8 U.S.C. § 1226(a)(2)(B); *Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023) ("The respondents were . . . released on their own recognizance pursuant to DHS' conditional parole authority under . . . 8 U.S.C. § 1226(a)(2)(B)[.]"); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the [government] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Cruz-Miguel v. Holder*, 650 F.3d 189, 191 (2d Cir. 2011) (similar).

On August 26, 2020, Abarca-Jovel filed an asylum application in that Immigration Court, which remains pending. ECF 9-1, ¶ 13; ECF 1, at 5-6; ECF 1-2. He is represented by counsel in his removal proceedings and has consistently appeared in Immigration Court. ECF 9-1, ¶ 12. Most recently, he had a master calendar hearing on July 31, 2025. *See id.* ¶ 15. His final individual hearing on the merits is scheduled for October 14, 2025.

Abarca-Jovel has now resided in the United States for over six years. On February 17, 2025, he was arrested and charged with assault and battery in New Bedford District Court. *Id.* ¶ 14. Five months later, on July 21, 2025, ICE obtained a warrant for his arrest, which was issued under 8 U.S.C. § 1226;[4] arrested him while he was on his way to court; and ordered him detained based on those charges. *Id.* ¶¶ 5, 14; ECF 15-1; ECF 1, at 6. The charges were dismissed that same day following his arrest by ICE. ECF 9-1, at 3 n.1. Abarca-Jovel remains detained at Plymouth County House of Correction in Plymouth, Massachusetts. *Id.* ¶ 5; ECF 1, at 1; ECF 1-2.

On July 23, 2025, Abarca-Jovel's wife, Quinonez Mercado, filed a petition for a writ of habeas corpus on his behalf pursuant to 28 U.S.C. § 2241 in this Court. ECF 1. The petition alleges that his detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 6; *see* ECF 1-2. It names as defendants the U.S. Department of Homeland Security, ICE, and the Boston Field Office. *Id.* at 1. The government filed its response one week later. ECF 9. Quinonez Mercado had an opportunity to submit a reply but did not do so. ECF 10. The Court took the petition under advisement on August 8, 2025 after a hearing at which she did not appear. ECF 13.

---

[4] The warrant states that the arrest was "authorized pursuant to sectio[n] 236 . . . of the Immigration and Nationality Act"—i.e., pursuant to 8 U.S.C. § 1226. ECF 15-1.

**DISCUSSION**

The government principally argues that this petition should be dismissed because Abarca-Jovel is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5] But as the government acknowledged at the hearing and in its brief, Abarca-Jovel is similarly situated in all material respects to the petitioner in *Gomes v. Hyde*, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025). *See* ECF 9, at 1. In that case, this Court rejected the government's identical argument and "conclude[d] that the plain text of Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the Attorney General while residing in the United States." *Id.* at *7. For the same reasons articulated in *Gomes*, Abarca-Jovel's detention is governed by Section 1226(a)'s discretionary framework, and he is not lawfully detained under Section 1225(b)(2)(A). *See id.* at *5-8; *see also dos Santos v. Noem*, No. 25-cv-12052-JEK, 2025 WL 2370988, at *6-8 (D. Mass. Aug. 14, 2025).

The government separately contends that the petition should be dismissed even if Section 1226(a) applies because Abarca-Jovel has not sought a custody redetermination (i.e., bond) hearing in Immigration Court and has therefore failed to exhaust his administrative remedies.[6] Since exhaustion, as the government recognizes, is not required by statute in this context, its exhaustion

---

[5] If an "immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," Section 1225(b)(2) requires that the noncitizen be detained for removal proceedings under Section 1229a. 8 U.S.C. § 1225(b)(2)(A).

[6] The government also maintains that Abarca-Jovel has failed to exhaust his administrative remedies because he has not yet requested humanitarian parole under 8 U.S.C. § 1182(d)(5). *See* ECF 9, at 11. But that parole authority applies only to noncitizens who are "applying for admission to the United States," 8 U.S.C. § 1182(d)(5)(A), and are detained under 8 U.S.C. § 1225(b), *see Jennings*, 583 U.S. at 300. Because Abarca-Jovel is detained under Section 1226(a), not Section 1225(b), he is ineligible for parole under 8 U.S.C. § 1182(d)(5)(A) and need not request parole under that statute to exhaust his administrative remedies.

argument is measured against the "more permissive" common-law, rather than statutory, exhaustion standard, which "'cedes discretion to a [federal] court to decline the exercise of jurisdiction.'" *Brito v. Garland*, 22 F.4th 240, 255-56 (1st Cir. 2021) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174 (1st Cir. 2016)); *see* ECF 9, at 7.[7] While there are "'circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion,'" the exhaustion doctrine often "'serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.'" *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145-46 (1992)).

Waiver of the common-law exhaustion requirement is not warranted here. Noncitizens like Abarca-Jovel are entitled to a bond hearing before an Immigration Judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *id.* § 1003.19(a).[8] But there is no evidence before the Court that Abarca-Jovel, unlike the petitioner in *Gomes*, has requested such a hearing. *See Gomes*, 2025 WL 1869299, at *4-5. The First Circuit has required exhaustion where, as here, a petitioner fails "to raise [his] alternatives-to-detention claims before" an Immigration Judge. *Brito*, 22 F.4th at 255. Requesting a bond hearing would "'obviat[e] the need for [judicial] review'" if that Judge were to "'provid[e] appropriate redress,'" and may otherwise "'creat[e] a useful record for subsequent judicial consideration.'" *Id.* at 256 (quoting *Anversa*, 835 F.3d at 175-76). The fact that Abarca-Jovel remains detained is insufficient to outweigh these factors, which support requiring exhaustion in

---

[7] The government does not contest that this Court has jurisdiction to review habeas petitions filed by or on behalf of immigration detainees who assert that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see* ECF 9, at 3.

[8] Bond may be denied only if the government "either (1) prove[s] by clear and convincing evidence that [the noncitizen] poses a danger to the community or (2) prove[s] by a preponderance of the evidence that [the noncitizen] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

the circumstances of this case. *See id.* This petition is, accordingly, denied for failure to exhaust administrative remedies.

## CONCLUSION AND ORDER

For the foregoing reasons, Quinonez Mercado's petition for a writ of habeas corpus on Abarca-Jovel's behalf under 28 U.S.C. § 2241, ECF 1, is DENIED, and this action is DISMISSED without prejudice.

SO ORDERED.

Dated: August 22, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE